## MOINESTER v. WILSON & CO., Inc.

District Court, S. D. New York,
April 5, 1940.

Louis J. Gribetz, of New York City, for plaintiff.

Vernon Murphy, of New York City, for defendant.

HULBERT, District Judge.

During the course of an examination of the defendant, after issue joined, pursuant to Rule 26, F.R.C.P., 28 U.S.C.A. following section 723c, its attorney stipulated, in writing, to produce certain documents, the existence and location of which were the subject of inquiry. The examination was thereupon suspended. After a delay of several weeks, the action meanwhile appearing upon the trial calendar, defendant's attorney reported his alleged inability to carry out the promise contained in the stipulation. I have no reason to doubt his sincerity for obviously he depended upon his client to supply the required documents.

Upon the record before me, however, it is incredible that these documents could not be made available to him, yet the facts developed would not sustain an order directing their production for inspection under Rule 34, F.R.C.P., and the motion must be denied, with reluctance, but without prejudice.

Plaintiff's attorney may resume and continue the examination and extend it in an endeavor to secure the last vestige of information relevant and not privileged. If it ultimately develops that the examination has been unduly obstructed and thereby the true administration of justice in this case impaired or impeded, the circumstances should be reported to the court for consideration and whatever action may be appropriate. Settle order.